**Jon Micah LeFLAR, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–98–00080–CR.**

Court of Appeals of Texas, Eastland.

Aug. 26, 1999.

---

Edgar Mason, Dallas, for appellant.

Bill Hill, John Rolater, Jr., Crim. Dist. Atty., Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

Appellant pleaded guilty to possession of LSD in a quantity of less than a gram.[1] A plea bargain agreement was not reached. The trial court deferred the adjudication of guilt, placed appellant on community supervision for 5 years, and assessed a fine of $500. In his sole point of error, appellant argues that the trial court erred in overruling his motion to suppress. Specifically, appellant argues that he did not freely and voluntarily consent to the search of his car that led to the discovery of marihuana that caused his subsequent arrest.[2] We affirm.

1. See TEX. HEALTH & SAFETY CODE ANN. § 481.1151 (Vernon Supp.1999). The offense is a state jail felony if the quantity possessed is less than 20 grams. Section 481.1151(b)(1).

*Standard of Review*

The trial court is the finder of fact at a motion to suppress hearing and may choose to believe or disbelieve any or all of the witnesses' testimony. *Johnson v. State*, 803 S.W.2d 272, 287 (Tex.Cr.App. 1990), *cert. den'd*, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). Appellate courts must afford almost total deference to the trial court's findings of historical facts that are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). Appellate courts should afford the same deference to the trial court's rulings on questions of law when the resolution of those questions turns on an evaluation of credibility and demeanor. *Guzman v. State, supra.* When the record supports a finding that consent was freely and voluntarily given, the appellate court may not disturb that finding. See *Johnson v. State, supra.*

Appellant raised both the fourth and fourteenth amendments to the United States Constitution and Article I, section 9 of the Texas Constitution in his motion to suppress. When interpreting the state constitution, Texas courts are not bound by the decisions of the United States Supreme Court so long as the United States Constitution is not offended. *Heitman v. State*, 815 S.W.2d 681 (Tex.Cr.App.1991). Fourth amendment cases do, however, provide advisory authority, and Texas courts generally follow those cases on search and seizure questions. *Aitch v. State*, 879 S.W.2d 167, 171 (Tex.App.— Houston [14th Dist.] 1994, pet'n ref'd); see, e.g., *Davis v. State*, 829 S.W.2d 218, 221 (Tex.Cr.App.1992). Appellant argues both state and federal grounds on appeal and points out a difference in the required burden of proof as discussed more fully

2. The police discovered the LSD wrapped in foil in appellant's wallet during an inventory of his possessions at the jail. If the initial search was illegal, the police had no probable cause to arrest appellant, and the LSD would be the fruit of an illegal arrest.

**574**

below. Otherwise, appellant advances no reason to interpret Article I, section 9 as providing more protection than the fourth amendment. Thus, except for the burden of proof, we will interpret Article I, section 9, consistently with the fourth amendment.

### Consensual Searches

■■■■ Generally, the police must obtain a warrant based on probable cause before they may search a person's private property. U.S. CONST. amends. IV and XIV; TEX. CONST. art. I, § 9. Police may search without a warrant if they first obtain voluntary consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Ibarra*, 953 S.W.2d 242, 243 (Tex.Cr.App.1997); see *Ohio v. Robinette*, 519 U.S. 33, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996). The voluntariness of the consent "is a question of fact to be determined from all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. at 248–49, 93 S.Ct. at 2058–59, 36 L.Ed.2d at 875; *Ohio v. Robinette*, 519 U.S. at 39–40, 117 S.Ct. at 421-22, 136 L.Ed2d at 355; *Johnson v. State*, supra at 286. For federal constitutional purposes, the State need only prove voluntariness by a preponderance of the evidence. See *United States v. Matlock*, 415 U.S. 164, 177–78, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). Under the Texas Constitution, however, the State must prove voluntariness by clear and convincing evidence. *State v. Ibarra*, supra at 245.

■■■■ The United States Supreme Court has held that the police need not inform a detainee that he may refuse consent in order for consent to be voluntary. *Ohio v. Robinette*, 519 U.S. at 39–41, 117 S.Ct. at 421–22, 136 L.Ed.2d at 355; *Schneckloth v. Bustamonte*, 412 U.S. at 230–32, 93 S.Ct. at 2049–50, 36 L.Ed.2d at 865. The question for the courts is whether, under the totality of the circumstances, the consent was voluntary or the product of express or implied coercion. *Schneckloth v. Bustamonte*, 412 U.S. at 225–29, 93 S.Ct. at 2047–48, 36 L.Ed.2d at 862–63;

*Johnson v. State*, supra at 286. Consent is voluntary unless appellant's will was "overborne" by police tactics. See *Schneckloth v. Bustamonte*, 412 U.S. at 225–27, 93 S.Ct. at 2046–47, 36 L.Ed.2d at 862.

■■■■ The Court has also consistently held that:

[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.... Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.

*Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89, 98 (1996), quoting *Scott v. United States*, 436 U.S. 128, 138, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978); see also *Ohio v. Robinette*, 519 U.S. at 37–39, 117 S.Ct. at 421, 136 L.Ed.2d at 354. Thus, even if an officer has decided not to issue a ticket to a detainee, a legal traffic stop made with probable cause does not become an illegal detention under the fourth amendment. *Ohio v. Robinette*, 519 U.S. at 37–39, 117 S.Ct. at 421, 136 L.Ed.2d at 354. The same is true under *Article I, section 9. Crittenden v. State*, 899 S.W.2d 668, 674 (Tex.Cr.App.1995).

### Background Facts

Officer Randy Perkins of the Irving Police Department stopped appellant on August 9, 1997, for failure to yield the right-of-way. Appellant turned left at an intersection in front of Officer Perkins' oncoming car when the officer had a green light. Appellant does not challenge the legality of the stop. Officer Perkins asked appellant for his driver's license and for his proof of insurance. Appellant began looking around in his car for both items and had trouble locating them. Appellant testified at the motion to suppress hearing that he located his license and gave it to the officer. Officer Perkins testified that appellant may have never produced his license.

During appellant's search for his license and insurance, Officer Perkins observed him open the center console in the car and quickly shut it as though he did not want to reveal its contents to the officer. Officer Perkins testified that appellant kept looking at his passenger while he searched for the license and insurance. Officer Perkins thought appellant's behavior was suspicious. The officer returned to his patrol car and "ran [appellant] on the NCIC to see if there were any warrants and his license was good." Officer Perkins testified that the only information required to check an individual's record on the NCIC was a name and date of birth. According to the computer, appellant had no outstanding warrants and had a proper license.

Officer Perkins returned to the car and asked appellant for consent to search it. Appellant gave verbal consent. Officer Perkins asked appellant and his passenger to get out of the car. When they did, appellant walked toward the trunk and suggested that the officer search it. Officer Perkins declined and directed appellant and his passenger to the front of the car.[3] The officer searched the interior of the car and found a "baggy" of marihuana underneath the passenger seat. Officer Perkins confronted appellant with the contraband and asked if there was any more in the car. Appellant told the officer to look behind the radio, and Officer Perkins found another bag of marihuana there. Officer Perkins then arrested appellant and took him to jail.[4]

Officer Perkins testified on cross-examination that he did not read any warnings to appellant prior to the search. Officer Perkins did not tell appellant that he could refuse to give consent. Officer Perkins also did not ask appellant to sign a preprinted consent form. The officer testified that he could not remember if he gave

appellant a ticket or warning for failure to yield the right-of-way. He did not give appellant a ticket for driving without a license or insurance.

Appellant also testified at the hearing. He confirmed most of Officer Perkins' testimony but claimed that he gave Officer Perkins his license and insurance card. Appellant testified that the officer did not return the items before he asked for consent to search. Appellant admitted that he consented to the search, but he testified that "I really didn't know I could say he couldn't search the vehicle." Appellant also admitted that he was not handcuffed or restrained when he gave consent and that Officer Perkins "didn't physically force" him to consent.

### Application of Law to Facts

In the present case, Officer Perkins made a legal traffic stop. The record does not reflect whether the officer intended to give appellant a ticket or warning for any violation. At the time the officer asked appellant to get out of the car, Officer Perkins apparently had not ended the traffic stop. The fact that Officer Perkins did not give appellant a ticket for any traffic violation does not mean that he did not intend to issue a ticket. Regardless of what his subjective intentions were, they have no bearing on the legality of the stop. We note that, in *Robinette*, the officer gave the detainee a verbal warning and returned his license before asking him for consent to search the car. The Court reiterated that "the subjective intentions of the officer did not make the continued detention of respondent illegal under the Fourth Amendment." *Ohio v. Robinette*, 519 U.S. at 37–39, 117 S.Ct. at 421, 136 L.Ed.2d at 354, citing *Whren v. United States*, supra; see *Crittenden v. State*, supra. As in *Robinette* and *Whren*, there was no illegal detention here.

---

**3.** Officer Perkins testified that he did this because he had no backup and because he had an Explorer Scout riding with him.

**4.** Officer Perkins did not arrest the passenger. There is apparently no dispute about appellant's ownership of the marihuana.

The record indicates that appellant gave Officer Perkins consent to search the car. Appellant admitted on cross-examination that Officer Perkins did nothing to coerce his consent. Although Officer Perkins had not ended the traffic stop, nothing in the record indicates that Officer Perkins made any threats regarding the ultimate resolution of the stop if appellant refused consent. Appellant testified that "I gave him consent but I didn't know that I couldn't." His subjective lack of knowledge of his right to refuse consent does not vitiate his consent. *Ohio v. Robinette*, 519 U.S. at 39–40, 117 S.Ct. at 421–22, 136 L.Ed.2d at 355; *Schneckloth v. Bustamonte*, 412 U.S. at 225–29, 93 S.Ct. at 2047–48, 36 L.Ed.2d at 862–63.

As the finder of fact, the trial court found that appellant freely and voluntarily consented to the search of his car that uncovered the marihuana. We overrule appellant's sole point of error.

*This Court's Judgment*

The judgment of the trial court is affirmed.