Kevin W. DEW, Appellant,

v.

STATE of Texas, Appellee.

No. 11–04–00093–CR.

Court of Appeals of Texas,
Eastland.

Aug. 11, 2005.

460

Merry A. Worley, Odessa, for appellant.

J. Roderick Price, Asst. Ector County Dist. Atty's Office, Odessa, for appellee.

Panel consists of WRIGHT, J., and McCALL, J.

### Opinion

TERRY McCALL, Justice.

Kevin W. Dew pleaded guilty to possession of cocaine after his motion to suppress was denied. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Vernon 2003). The trial court accepted appellant's plea and assessed punishment at four years confinement. In his sole point of error, appellant argues that the trial court wrongly denied his motion to suppress the cocaine found in his wallet during a pat-down search for weapons. We affirm.

### Background Facts

At the suppression hearing, Corporal Michael Anaya of the Odessa Police Department testified that on May 30, 2003, he pulled appellant over for two traffic violations. When Officer Anaya asked for identification, appellant said that he did not have his driver's license but gave his name. Officer Anaya got identification from the four passengers in the vehicle and returned to the patrol car to check for outstanding warrants. Finding that one of the passengers had a warrant for his arrest, Officer Anaya called for backup.

Once backup arrived, Officer Anaya re-approached and asked everyone to step out of the vehicle. Officers searched all occupants of the vehicle for weapons, and Corporal Ricky George conducted the search of appellant. Officer George testified that, during the pat down, he felt the bulge of a thick wallet in appellant's back pocket and noticed that documents and cards were visible inside the wallet. Officer George removed the wallet and handed it to a fellow officer, Corporal Christopher M. Clark, to look for identification. Officer Clark testified that he could see the tip of a plastic bag containing white powder sticking out of the closed wallet. Officer Clark opened the wallet, confirmed that there was a plastic bag inside, and then handed the wallet back to Officer George for further investigation. A field test indicated the powder was cocaine. The officers placed appellant under arrest and

moved to search the vehicle. As the officers walked toward the vehicle, appellant voluntarily stated that there was additional cocaine located in a cigarette pack in the middle console of the vehicle.

### Standard of Review

■ In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85 (Tex.Cr.App. 1997). Because the trial court is the exclusive fact finder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Cr.App.2000). We also give deference to the trial court's rulings on mixed questions of law and of fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman v. State, supra.* Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Guzman v. State, supra; Davila v. State*, 4 S.W.3d 844, 847–48 (Tex. App.-Eastland 1999, no pet'n).

Appellant moved to suppress the evidence under both the Fourth and Fourteenth Amendments to the United States Constitution and Article I, section 9 of the Texas Constitution. Although Texas courts are not bound by the Fourth Amendment jurisprudence of the United States Supreme Court as long as the United States Constitution is not offended, Texas courts generally follow those cases on search and seizure questions. *LeFlar v. State*, 2 S.W.3d 571, 573 (Tex.App.-Eastland 1999, no pet'n); *Aitch v. State*, 879 S.W.2d 167, 171 (Tex.App.-Houston [14th Dist.] 1994, pet'n ref'd). Neither appellant nor the State urges any reason to interpret Article I, section 9 differently from

the Fourth Amendment; therefore, we will interpret the two provisions consistently with each other. *See Carmouche v. State, supra* at 326.

### Analysis

■ Appellant asserts that, after the officer determined appellant did not possess any weapons, he continued to search appellant for identification. The Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 38, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), held that, during a lawful investigative detention, an officer may conduct a limited search for weapons where an officer reasonably believes that his safety or that of others is in danger. It is well established that, when a traffic violation is committed within an officer's view, the officer may lawfully stop and detain the person for the traffic violation. *Walter v. State*, 28 S.W.3d 538, 542 (Tex.Cr.App.2000). In appellant's brief, he does not challenge the legitimacy of the stop for traffic violations or the frisk for weapons. Appellant's sole issue on appeal is that the officer exceeded the scope of his authority under *Terry* when he reached into appellant's pocket and removed his wallet and then "searched" the wallet.

■ It is true that, if a protective search goes beyond what is necessary to determine whether the detainee is armed, it is no longer valid under *Terry*. *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). However, the Supreme Court and our Court of Criminal Appeals have held:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons.

*Carmouche v. State, supra* at 330 (quoting *Minnesota v. Dickerson, supra* at 375, 113

S.Ct. 2130). If an officer is legitimately conducting a *Terry* frisk, no additional privacy interest is implicated by the seizure of an item whose identity is already plainly known through the officer's sense of touch. *Carmouche v. State, supra.*

In *Carmouche,* the court held that an officer's seizure of money from the defendant's pocket during a legitimate pat-down search for weapons was reasonable when the officer immediately recognized the bulge in the defendant's pocket as money. *Carmouche v. State, supra.* Here, Officer George testified that he immediately recognized the item in appellant's back pocket as a wallet and that he asked Officer Clark to look in appellant's wallet for identification. Therefore, the seizure of the wallet was permissible under the "plain feel" exception as endorsed in *Carmouche.*

■■■■ Moreover, the search of appellant and seizure of his wallet were justified as a search incident to arrest. Because appellant committed a misdemeanor by driving without a driver's license, Officer Anaya had probable cause to arrest. TEX. TRANSP. CODE ANN. § 521.025 (Vernon 1999); *Snyder v. State,* 629 S.W.2d 930, 934 (Tex.Cr.App.1982); *Gaines v. State,* 888 S.W.2d 504, 510 (Tex. App.-El Paso 1994, no pet'n); *see Atwater v. City of Lago Vista,* 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001)("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender"). Once an officer has probable cause to arrest, he may search the accused incident to the arrest. *McGee v. State,* 105 S.W.3d 609, 614 (Tex.Cr.App.), *cert. den'd,* 540 U.S. 1004, 124 S.Ct. 536, 157 L.Ed.2d 410 (2003). It is irrelevant that the arrest occurs immediately before or after the search as long as sufficient probable cause exists for the officer to arrest before the search. *State v. Ballard,* 987 S.W.2d 889, 892 (Tex.Cr.App.1999); *see Rawlings v. Kentucky,* 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980)("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa"). As part of a search incident to arrest, police may search a suspect's personal effects, including his wallet. *Snyder v. State, supra.* Therefore, when officers searched appellant, probable cause existed, and the seizure of his wallet was legitimate.

■■■■ The Fourth Amendment permits the warrantless seizure of evidence that is in "plain view." *Walter v. State, supra* at 541; *Cardenas v. State,* 115 S.W.3d 54, 60 (Tex.App.-San Antonio 2003, no pet'n). Officer Clark testified that, before opening the wallet, he saw "the corner" of a plastic bag containing "white powder" sticking out of the wallet. Giving deference to the fact finding of the trial court, we accept that Officer Clark saw the contraband before opening the wallet. Therefore, under the "plain view" doctrine, the seizure of the bag of cocaine was legal.

Because the arrest for cocaine in appellant's wallet was legitimate, the search of the vehicle was a search incident to arrest. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State v. Oages,* 162 S.W.3d 445 (Tex.App.-Eastland 2005, pet'n filed). Therefore, the trial court properly admitted the cocaine seized from the vehicle. We hold that the trial court did not abuse its discretion in denying appellant's motion to suppress.

The judgment of the trial court is affirmed.