Opinion filed August 23, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed August 23, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00395-CR 

                                                    __________

 

                        CHRISTOPHER MICHAEL GRAVES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 132nd District Court

 

                                                          Scurry County, Texas

 

                                                     Trial
Court Cause No. 8984 

 



 

                                                                   O
P I N I O N

 

Christopher Michael Graves was indicted for
possession of four grams or more, but less than 200 grams, of cocaine.  The trial court denied a motion to suppress,
and Graves pled guilty to the indictment and
true to two enhancement paragraphs.  The
jury assessed his punishment at confinement for seventy-five years and a fine
of $5,000.  Graves
challenges his conviction with a single issue contending that the trial court
erred by overruling his motion to suppress. 
We affirm.








We must afford great deference to the trial court=s findings of historical facts as long
as the record supports the findings.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Because the trial court is the exclusive
fact-finder, the appellate court reviews evidence adduced at the suppression
hearing in the light most favorable to the trial court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex.
Crim. App. 2000).  We also give deference
to the trial court=s rulings
on mixed questions of law and of fact when those rulings turn on an evaluation
of credibility and demeanor.  Guzman,
955 S.W.2d at 89.  Where such rulings do
not turn on an evaluation of credibility and demeanor, we review the trial
court=s actions
de novo.  Id. 


Snyder Police Corporal Jason Randall Quigley
stopped Graves for speeding at 3:30 in the
morning.  Corporal Quigley asked Graves to get out of his vehicle.  Graves held
up a hunting knife and said, AI
have this knife.@  Corporal Quigley stepped back and ordered Graves to drop the knife and place his hands on the
dash.  After several requests, Graves complied. 
Corporal Quigley asked Graves to step
to the back of the vehicle and stay with Sergeant Dennis Keith Young B who had arrived in the interim and was
acting as backup.  Graves
consented to a search of his vehicle and Corporal Quigley checked for other
weapons.  No weapons were found and
Corporal Quigley started to frisk Graves.  When he attempted to pat Graves=s pockets, Graves
resisted by pushing Corporal Quigley=s
hands away and by attempting to pull away. 
The officers forcibly restrained Graves
and placed him in handcuffs.  Corporal
Quigley had felt something hard in Graves=s right front pocket.  He asked Graves
what was in his pocket and was told a pack of cigarettes.  The object did not feel like cigarettes, and
Corporal Quigley suspected that it might be a weapon.  After Graves
was secured, Corporal Quigley checked the pocket and found three packages of
cocaine.

Graves argues that the trial court erred by not
suppressing the cocaine because its discovery does not fall within the Aplain feel@
exception to the Fourth Amendment=s
warrant requirement.  See Minnesota v.
Dickerson, 508 U.S.
366, 375 (1993) (analogizing object whose identity is immediately apparent by
touch to objects in plain view).  Graves
points to Corporal Quigley=s
suppression hearing testimony where he agreed that the hard object was not
readily identifiable by touch and contends that, because Corporal Quigley did
not know what was in Graves=s pocket when he felt it, it was
unreasonable for him to look in the pocket. We need not determine whether the Aplain feel@
doctrine applies in this instance because Corporal Quigley=s search was permissible either as a
search incident to arrest or as a search for weapons during a lawful detention.








The trial court found that Corporal Quigley had
probable cause to stop Graves=s vehicle.  That finding is unchallenged.  This court has previously noted that, if an
officer has probable cause to believe that an individual has committed even a
very minor criminal offense in his presence, he may arrest the offender and
conduct a search incident to arrest.  See
Dew v. State, 214 S.W.3d 459, 462 (Tex.
App.CEastland
2005, no pet.).  It does not matter if
the arrest occurs immediately before or after the search as long as the officer
has sufficient probable cause to arrest before the search.  Id. (citing Rawlings v. Kentucky,
448 U.S. 98, 111 (1980)).  Because
Corporal Quigley lawfully detained Graves for speeding, he was authorized to
search Graves and the trial court did not err by denying the motion to
suppress.

We also note that because Graves was lawfully
detained, the officers had the authority to conduct a limited search for
weapons.  See Terry v. Ohio, 392
U.S. 1, 38 (1968).  The trial court found
that Corporal Quigley=s
discovery of Graves=s knife
and the manner and means in which Graves exhibited it justified additional
action by the officers.  Corporal Quigley
testified that he patted Graves down for officer safety.  When he felt something hard in Graves=s pocket and when Graves gave an
apparently false description of that object, he suspected that it might be a
weapon.  The trial court did not abuse
its discretion by at least implicitly holding that the follow-up search of
Graves=s pocket
was reasonable to determine if he was armed.

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

August 23, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., 

McCall,
J., and Strange, J.