**Samuel Griffin HART, Appellant**

v.

**STATE of Texas, Appellee.**

**No. 11–06–00123–CR.**

Court of Appeals of Texas,
Eastland.

Sept. 20, 2007.

Don L. Wilson, Attorney At Law, Abilene, Mark Gant Daniel, Attorney At Law, Fort Worth, TX, for appellant.

James Eidson, District Attorney, Crim. Dist. Atty's Office, Patricia Dyer, Assistant Crim. Dist. Atty's Office, Abilene, TX, for appellee.

Panel consists of: McCALL, J., STRANGE, J., and HILL, J.[1]

---

## OPINION

JOHN G. HILL, Justice (Assigned).

Samuel Griffin Hart appeals his conviction by the court upon his plea of guilty to the offense of possession of cocaine in an amount of less than one gram. The court assessed his punishment at two years in the Texas Department of Criminal Justice, State Jail Division. He contends in a single issue on appeal that the trial court erred in failing to grant his motion to suppress evidence obtained as a result of his illegal detention and a warrantless search of his person. His contention is grounded upon both the Fourth Amendment to the United States Constitution and Article I, section 9 of the Texas Constitution. While Hart refers to Article I, section 9 of the Texas Constitution in his brief, he does not offer any suggestion as to how its protection might differ from that of the Fourth Amendment. Consequently, we analyze his issue on appeal only in light of Fourth Amendment jurisprudence. *See Manns v. State,* 122 S.W.3d 171, 192 n. 97 (Tex.Crim.App.2003); *see also Heitman v. State,* 815 S.W.2d 681, 690 n. 22 (Tex.Crim.App.1991). We affirm.

We review the trial court's denial of a motion to suppress for an abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App.1999). There is an abuse of discretion when the trial court's decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App.1992); *Haas v. State,* 172 S.W.3d 42, 49 (Tex. App.-Waco 2005, pet. ref'd).

We are to give the trial court's findings of fact almost total deference.

---

1. John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

*Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App.2000). In the absence of explicit findings of fact, we assume that the trial court made whatever appropriate implicit findings the record supports. *Id.* at 328. We review the application of relevant law to the facts de novo. *Id.* at 327.

On May 1, 2005, Erin Bryan, a police officer with the City of Abilene, stopped Hart because the computer in her patrol car showed that his automobile registration was expired. After approaching Hart's vehicle and speaking to him, Officer Bryan almost immediately learned that he had recently renewed his registration. Upon learning this, Officer Bryan asked Hart about his driver's license. He told her that his driver's license was expired. After checking to see if Hart had any warrants, Officer Bryan determined that Hart had a prior drug history and that his license was, indeed, expired. Because Hart had a drug history, Officer Bryan called for a canine officer. Officer Bryan indicated that she had decided to write Hart a citation and was in the process of writing it when the canine officer arrived. Officer Bryan testified that, after the dog alerted on Hart's vehicle, another officer searched Hart's person and found a crack rock in his pocket.

 Hart contends that any detention past the time that Officer Bryan discovered that he had renewed his vehicle registration, thereby negating the reason for the traffic stop, was unreasonable. The issue presented, therefore, is whether Officer Bryan's inquiring about Hart's driver's license, running a computer check on him, and writing him a citation for driving with an expired license was unreasonable under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A *Terry* analysis has two prongs: a determination as to whether the officer's action was justified at its inception and whether the search and seizure was reasonably related in scope to the circumstances that justified the stop in the first place. *Kothe v. State,* 152 S.W.3d 54, 63 (Tex.Crim.App.2004). Hart makes no contention that Officer Bryan's actions were unjustified at their inception.

 In deciding whether the scope of a *Terry* detention is reasonable, the general rule is that an investigative stop can last no longer than necessary to effect the purpose of the stop. *Kothe,* 152 S.W.3d at 63. On a routine traffic stop, police officers may request certain information from a driver such as a driver's license and car registration and may conduct a computer check on that information. *Id.* It is only after this computer check is completed and the officer knows that the driver has a currently valid license, no outstanding warrants, and the car is not stolen that the traffic-stop investigation is fully resolved. *Id.* at 63–64. It is at that point that the detention must end and the driver must be permitted to leave. *Id.* at 64.

 Neither the Fourth Amendment nor the United States Supreme Court dictate that an officer making a *Terry* stop must investigate the situation in a particular order. *Kothe,* 152 S.W.3d at 65. Such a stop may involve both an investigation into the specific suspected criminal activity and a routine check of the driver's license and car registration. *Id.* An officer's action is unreasonable under the circumstances only if the license check unduly prolongs the detention. *Id.*

It appears from our record that Officer Bryan's initial conversation with Hart did not last much more than a minute. Her computer check of Hart, conducted after she learned that he was driving with an expired driver's license, lasted less than three minutes. While Officer Bryan was in the process of writing Hart a citation for driving with an expired license, the canine

unit she requested arrived in three to five minutes. We hold that all of Officer Bryan's conduct was reasonable under the circumstances and did not unduly prolong Hart's detention.

Hart correctly notes that many jurisdictions have held that, once an officer has ascertained that the motorist is not guilty of the violation for which he or she was originally stopped, the officer must release the motorist at that time and may not ask to see the motorist's driver's license. *See United States v. McSwain,* 29 F.3d 558, 560 (10th Cir.1994); *People v. Redinger,* 906 P.2d 81, 86 (Colo.1995); *State v. Diaz,* 850 So.2d 435, 440 (Fla.2003); *McGaughey v. State,* 37 P.3d 130, 139 (Okla.2001); *State v. Farley,* 308 Or. 91, 775 P.2d 835, 836 (Or.1989).

However, as previously noted, the Texas Court of Criminal Appeals has held that, in applying the general rule, an investigative stop can last no longer than necessary to effect the purpose of the stop; it should be remembered that a check for driver's license and warrants is an additional component to a routine traffic stop. *Kothe,* 152 S.W.3d at 63. The court appeared to discount the suggestion that a license check is unreasonable if it is conducted after the officer has determined that the motorist is not guilty of the violation for which he or she was originally stopped. *Id.* at 66. It noted that the order of events, while relevant to the legal determination of reasonableness, is not determinative. *Id.* The courts of other states have also held that it is not unnecessarily unreasonable for a police officer who has made a valid traffic stop to ask the motorist for his or her driver's license, even though the officer knows that the motorist is not guilty of the violation that served as the initial basis for the stop. *See State v. Godwin,* 121 Idaho 491, 826 P.2d 452, 456 (Idaho 1992); *State v. Aguinaldo,* 71 Haw. 57, 782 P.2d 1225, 1229 (Haw.1989); *State v. Hill,* 606 A.2d 793, 795 (Me.1992); *State v. Reynolds,* 119 N.M. 383, 890 P.2d 1315, 1320 (N.M.1995). We choose to follow *Kothe* and this line of cases in holding that, where the initial traffic stop is valid, a license check of the driver, even if conducted after the officer has determined that the motorist is not guilty of the violation for which he or she was originally stopped, is not unreasonable so long as it does not unduly prolong the motorist's detention. Inasmuch as the license check in the case at bar did not unduly prolong Hart's detention, we hold that it was not unreasonable.

 Hart also contends that, even if his detention was lawful, the warrantless search of his vehicle and person constituted an unreasonable search and seizure. We agree with Hart's contention that a canine sniff search of a vehicle is not a search implicating the Fourth Amendment but that it may implicate the Fourth Amendment if the search is conducted while the motorist is unlawfully detained. However, in this case Hart was not unlawfully detained for the reasons we have stated. As we have previously noted, Hart's detention was not unduly prolonged to allow for a canine sniff search because the canine unit arrived while Officer Bryan was still in the process of writing a citation for Hart's driving with an expired license.

 Hart also argues that, even if the canine sniff search was valid, there was no probable cause for the search of his person. The police officers had the right to arrest Hart once it was determined that he was driving with an expired driver's license. *See Dew v. State,* 214 S.W.3d 459, 462 (Tex.App.-Eastland 2005, no pet.). Once there is probable cause to arrest, the accused may be searched incident to that arrest. *Id.* It does not matter that the arrest did not occur until after the search,

as long as there is probable cause for arrest prior to the search. *Id.*

We also hold that the canine alert on Hart's vehicle constituted probable cause for the search of that vehicle. *Gutierrez v. State*, 22 S.W.3d 75, 84 (Tex. App.-Corpus Christi 2000, no pet.). Under our facts, because Hart was the sole driver and occupant of the vehicle when the canine alerted on the vehicle, police would have had probable cause to believe that Hart was committing the offense of possession of contraband. *Cardenas v. State*, 857 S.W.2d 707, 717 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd). The police, therefore, had probable cause and statutory authorization to arrest Hart without a warrant. *Id.* That being the case, the search of Hart's person was a lawful search incident to arrest. *Dew*, 214 S.W.3d at 462. We overrule Hart's sole issue.

The judgment is affirmed.