Opinion filed September 20, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed September
20, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00123-CR

                                                     __________

 

                                 SAMUEL
 GRIFFIN HART, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                             On Appeal
from the 42nd District Court

 

                                                            Taylor County, Texas

 

                                                    Trial
Court Cause No. 22,156-A

 



 

                                                                   O
P I N I O N      








Samuel
Griffin Hart appeals his conviction by the court upon his plea of guilty to the
offense of possession of cocaine in an amount of less than one gram.  The court
assessed his punishment at two years in the Texas Department of Criminal
Justice, State Jail Division.  He contends in a single issue on appeal that the
trial court erred in failing to grant his motion to suppress evidence obtained
as a result of his illegal detention and a warrantless search of his person. 
His contention is grounded upon both the Fourth Amendment to the United States
Constitution and Article I, section 9 of the Texas Constitution.  While Hart
refers to Article I, section 9 of the Texas Constitution in his brief, he does
not offer any suggestion as to how its protection might differ from that of the
Fourth Amendment.  Consequently, we analyze his issue on appeal only in light
of Fourth Amendment jurisprudence.  See Manns v. State, 122 S.W.3d 171,
192 n.97 (Tex. Crim. App. 2003); see also Heitman v. State, 815 S.W.2d
681, 690 n.22 (Tex. Crim. App. 1991).  We affirm.  

We
review the trial court=s
denial of a motion to suppress for an abuse of discretion.  Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  There is an abuse of discretion
when the trial court=s
decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.  Cantu v. State, 842 S.W.2d 667, 682
(Tex. Crim. App. 1992); Haas v. State, 172 S.W.3d 42, 49 (Tex. App.CWaco 2005, pet. ref=d).  

We
are to give the trial court=s
findings of fact almost total deference.  Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000).  In the absence of explicit findings of fact,
we assume that the trial court made whatever appropriate implicit findings the
record supports.  Id. at 328.  We review the application of relevant law
to the facts de novo.  Id. at 327.  

 On
May 1, 2005, Erin Bryan, a police officer with the City of Abilene, stopped
Hart because the computer in her patrol car showed that his automobile
registration was expired.  After approaching Hart=s
vehicle and speaking to him, Officer Bryan almost immediately learned that he
had recently renewed his registration.  Upon learning this, Officer Bryan asked
Hart about his driver=s
license.  He told her that his driver=s
license was expired.  After checking to see if Hart had any warrants, Officer
Bryan determined that Hart had a prior drug history and that his license was,
indeed, expired.  Because Hart had a drug history, Officer Bryan called for a
canine officer.  Officer Bryan indicated that she had decided to write Hart a
citation and was in the process of writing it when the canine officer arrived. 
Officer Bryan testified that, after the dog alerted on Hart=s vehicle, another officer
searched Hart=s person
and found a crack rock in his pocket.








Hart
contends that any detention past the time that Officer Bryan discovered that he
had renewed his vehicle registration, thereby negating the reason for the
traffic stop, was unreasonable.  The issue presented, therefore, is whether
Officer Bryan=s
inquiring about Hart=s
driver=s license,
running a computer check on him, and writing him a citation for driving with an
expired license was unreasonable under Terry v. Ohio, 392 U.S. 1
(1968).  A Terry analysis has two prongs:  a determination as to whether
the officer=s action
was justified at its inception and whether the search and seizure was
reasonably related in scope to the circumstances that justified the stop in the
first place.  Kothe v. State, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). 
Hart makes no contention that Officer Bryan=s
actions were unjustified at their inception.  

In
deciding whether the scope of a Terry detention is reasonable, the
general rule is that an investigative stop can last no longer than necessary to
effect the purpose of the stop.  Kothe, 152 S.W.3d at 63.  On a routine
traffic stop, police officers may request certain information from a driver
such as a driver=s
license and car registration and may conduct a computer check on that
information.  Id.  It is only after this computer check is
completed and the officer knows that the driver has a currently valid license,
no outstanding warrants, and the car is not stolen that the traffic-stop
investigation is fully resolved.  Id. at 63-64.  It is at that
point that the detention must end and the driver must be permitted to leave.  Id. at 64.  

Neither
the Fourth Amendment nor the United States Supreme Court dictate that an
officer making a Terry stop must investigate the situation in a
particular order.  Kothe, 152 S.W.3d at 65.  Such a stop may involve
both an investigation into the specific suspected criminal activity and a
routine check of the driver=s
license and car registration.  Id.  An officer=s action is unreasonable
under the circumstances only if the license check unduly prolongs the
detention.  Id.  

It
appears from our record that Officer Bryan=s
initial conversation with Hart did not last much more than a minute.  Her
computer check of Hart, conducted after she learned that he was driving with an
expired driver=s
license, lasted less than three minutes.  While Officer Bryan was in the
process of writing Hart a citation for driving with an expired license, the
canine unit she requested arrived in three to five minutes.  We hold that all
of Officer Bryan=s
conduct was reasonable under the circumstances and did not unduly prolong Hart=s detention.

Hart
correctly notes that many jurisdictions have held that, once an officer has
ascertained that the motorist is not guilty of the violation for which he or
she was originally stopped, the officer must release the motorist at that time
and may not ask to see the motorist=s
driver=s license.  See
 United States v. McSwain, 29 F.3d 558, 560 (10th Cir. 1994); People v.
Redinger, 906 P.2d 81, 86 (Colo. 1995); State v. Diaz, 850 So.2d
435, 440 (Fla. 2003); McGaughey v. State, 37 P.3d 130, 139 (Okla. 2001); State v. Farley, 775 P.2d 835, 836 (Or. 1989).  








However,
as previously noted, the Texas Court of Criminal Appeals has held that, in
applying the general rule, an investigative stop can last no longer than necessary
to effect the purpose of the stop; it should be remembered that a check for
driver=s license and
warrants is an additional component to a routine traffic stop.  Kothe,
152 S.W.3d at 63.  The court appeared to discount the suggestion that a license
check is unreasonable if it is conducted after the officer has  determined that
the motorist is not guilty of the violation for which he or she was originally
stopped.  Id. at 66.  It noted that the order of events, while relevant
to the legal determination of reasonableness, is not determinative.  Id.  The courts of other states have also held that it is not unnecessarily
unreasonable for a police officer who has made a valid traffic stop to ask the
motorist for his or her driver=s
license, even though the officer knows that the motorist is not guilty of the
violation that served as the initial basis for the stop.  See State v. Godwin, 826 P.2d 452, 456 (Idaho 1992); State v. Aguinaldo, 782 P.2d 1225,
1229 (Haw. 1989); State v. Hill, 606 A.2d 793, 795 (Me. 1992); State
v. Reynolds, 890 P.2d 1315, 1320 (N.M. 1995).  We choose to follow Kothe
and this line of cases in holding that, where the initial traffic stop is
valid, a license check of the driver, even if conducted after the officer has
determined that the motorist is not guilty of the violation for which he or she
was originally stopped, is not unreasonable so long as it does not unduly
prolong the motorist=s
detention.  Inasmuch as the license check in the case at bar did not unduly
prolong Hart=s
detention, we hold that it was not unreasonable.  

Hart
also contends that, even if his detention was lawful, the warrantless search of
his vehicle and person constituted an unreasonable search and seizure.  We
agree with Hart=s
contention that a canine sniff search of a vehicle is not a search implicating
the Fourth Amendment but that it may implicate the Fourth Amendment if the
search is conducted while the motorist is unlawfully detained.  However, in
this case Hart was not unlawfully detained for the reasons we have stated.  As
we have previously noted, Hart=s
detention was not unduly prolonged to allow for a canine sniff search because
the canine unit arrived while Officer Bryan was still in the process of writing
a citation for Hart=s
driving with an expired license.  








Hart
also argues that, even if the canine sniff search was valid, there was no
probable cause for the search of his person.  The police officers had the right
to arrest Hart once it was determined that he was driving with an expired
driver=s license.  See
Dew v. State, 214 S.W.3d 459, 462 (Tex. App.CEastland
2005, no pet.).  Once there is probable cause to arrest, the accused may be
searched incident to that arrest.  Id.  It does not matter that
the arrest did not occur until after the search, as long as there is probable
cause for arrest prior to the search.  Id.  

We
also hold that the canine alert on Hart=s
vehicle constituted probable cause for the search of that vehicle.  Gutierrez
v. State, 22 S.W.3d 75, 84 (Tex. App.CCorpus
Christi 2000, no pet.).  Under our facts, because Hart was the sole driver and
occupant of the vehicle when the canine alerted on the vehicle, police would
have had probable cause to believe that Hart was committing the offense of
possession of contraband. Cardenas v. State, 857 S.W.2d 707, 717 (Tex.
App.CHouston [14th
Dist.] 1993, pet. ref=d). 
The police, therefore, had probable cause and statutory authorization to arrest
Hart without a warrant.  Id.  That being the case, the search of Hart=s person was a lawful
search incident to arrest.  Dew, 214 S.W.2d at 462.  We overrule Hart=s sole issue.  

The
judgment is affirmed.

 

 

JOHN G. HILL

JUSTICE

 

September 20,
2007

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  McCall, J.,

Strange, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.