Opinion filed May 1, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 1, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00274-CR 

                                                     __________

 

                                    BRODERICK
SMITH, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,  Appellee   

 

 



 

                                         On
Appeal from the 241st District Court

 

                                                          Smith
County, Texas

 

                                              Trial
Court Cause No. 241-1378-06

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

Appellant
was indicted for the offense of possession of cocaine.  After the trial court
denied his pretrial motion to suppress, appellant pleaded guilty to the
indictment and true to one enhancement paragraph.  The trial court assessed his
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of thirty-five years.  Appellant challenges his
conviction in a single issue contending that the trial court erred by denying
his motion to suppress. We affirm. 








                                                               Background
Facts

Detective
Steve Henry of the Smith County Sheriff=s
Department testified at the suppression hearing that area law enforcement
agencies had received numerous reports of illegal activities occurring at a
club called AThe Spot.@   These activities
included the sale of illicit drugs, prostitution, gambling, and illegal alcohol
sales.  Working undercover, Detective Henry purchased narcotics from The Spot=s owner.  He also observed
the sale of cocaine, crack cocaine, and marihuana at the club as well as
gambling and after-hours alcohol sales.

As
a result of these reports and observations, approximately twenty to twenty-five
officers raided The Spot at 3:00 a.m. on October 21, 2005.  Detective Henry
testified that the officers wore attire that identified them as law enforcement
officers and announced their status upon entering the club.  The law
enforcement officers ordered the occupants of the club to remain in place. 
However, the occupants began fleeing the premises as soon as officers arrived.

Detective
Henry observed appellant jump over a fence as he ran away from the club. 
Officers told appellant to stop running on multiple occasions, but he continued
running.  After tripping over a wire and falling down, appellant continued
running away from the club.  Detective Henry and Sergeant Jerry Black
eventually tackled appellant.  The officers discovered a knife on the ground at
the location where they apprehended appellant.  The officers placed appellant=s hands on the front of a
patrol car, and Detective Henry frisked him for weapons.

Detective
Henry did not find any weapons on appellant=s
body.  However, Detective Henry visually observed a small film cannister in
appellant=s pants
pocket.  Detective Henry testified that the pocket containing the film
cannister was Agaped
open@ such that he
could view the contents of the pocket.  He further observed a piece of a
plastic bag protruding from the top of the film cannister.  Detective Henry
testified that film cannisters and plastic bags of this type are commonly used
to store and conceal drugs.  When Detective Henry asked appellant about the
film cannister, appellant stated,  AIt=s not mine.@  Detective Henry
subsequently removed the film cannister from appellant=s pocket and opened it.  He discovered a large
piece  of crack cocaine and an amount of powdered cocaine.  On
cross-examination, Detective Henry testified that he did not believe that the
film cannister contained a weapon.  He testified that he opened the cannister
because he felt Ain
[his] heart@ that the
cannister contained illegal drugs based upon his training and experience.








                                                              Standard
of Review

A
trial court=s denial
of a motion to suppress is reviewed for an abuse of discretion.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  In reviewing a trial
court=s ruling on a
motion to suppress, an appellate court must view the evidence in the light most
favorable to the trial court=s
ruling. State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We
must give great deference to the trial court=s
findings of historical facts as long as the record supports the findings. Torres
v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We also give deference to the trial
court=s rulings on
mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman, 955 S.W.2d at 89. Where such rulings
do not turn on an evaluation of credibility and demeanor, we review the trial
court=s actions de
novo.  Id.; Davila v. State, 4 S.W.3d 844, 847‑48 (Tex.
App.CEastland 1999, no
pet.). 

                                                                        Analysis

Appellant
conceded at the suppression hearing that Detective Henry was justified in
conducting a Terry frisk.  Terry v. Ohio, 392 U.S. 1, 38 (1968). 
Citing Campbell v. State, 864 S.W.2d 223, 226 (Tex. App.CWaco 1993, pet. ref=d), appellant argues on
appeal that Detective Henry exceeded the scope of a Terry frisk when he
removed the film cannister from appellant=s
pocket and opened it to discover its contents.  Minnesota v. Dickerson,
508 U.S. 366 (1993) (If a protective search goes beyond what is necessary to
determine whether the detainee is armed, it is no longer valid under Terry.). 
We do not reach appellant=s
argument under Campbell, however, because we conclude that Detective
Henry=s search of the
film cannister was justified as a search incident to arrest.

As
a preliminary matter, we must address the State=s
contention regarding standing.  The State asserts that appellant does not have
standing to protest the search of the film cannister because he denied
ownership of it.  We disagree.








Standing
is an element of a Fourth Amendment claim.  See Kothe v. State, 152
S.W.3d 54, 60 (Tex. Crim. App. 2004).  Whether a defendant has standing to
contest a search and seizure is a question of law that we review de novo.  Parker
v. State, 182 S.W.3d 923, 925 (Tex. Crim. App. 2006).  The defendant has
the burden of proving a legitimate expectation of privacy. Villarreal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  Whether a defendant has
a reasonable expectation of privacy is determined by a two‑pronged test. Parker,
182 S.W.3d at 925; see Smith v.  Maryland, 442 U.S. 735
(1979).  AFirst, we
ask whether the defendant had a subjective expectation of privacy in the place
searched. If the answer is yes, then we ask whether the defendant=s expectation of privacy is
one that society recognizes as reasonable or justifiable under the
circumstances.@ Parker,
182 S.W.3d at 926.

When
a defendant abandons property intentionally, and not due to police misconduct,
no Fourth Amendment seizure occurs if police take possession of the property;
and the defendant lacks standing to contest the reasonableness of their search
of the property. Swearingen v. State, 101 S.W.3d 89, 101 (Tex. Crim.
App. 2003). Abandonment is primarily a question of intent to be inferred from
words spoken, acts done, and other objective facts and relevant circumstances. 
McDuff v. State, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997).  The
issue is whether the accused voluntarily discarded, left behind, or otherwise
relinquished his interest in the property so that he could no longer retain a
reasonable expectation of privacy with regard to it at the time of the search. 
Id.  

While
appellant denied ownership of the film cannister, it remained inside his
pocket.  Appellant obviously possessed an expectation of privacy for an item
located on his person.  A person can establish a reasonable expectation of
privacy concerning property belonging to others but in his possession.  See
United States v. Richards, 638 F.2d 765, 770 (5th Cir. 1981) (defendant who
picked up package for another person had standing); Wilson v. State, 692
S.W.2d 661, 670‑71 (Tex. Crim. App. 1984) (defendant who had borrowed a
car with the owner=s
consent had a reasonable expectation of privacy in the automobile).  The fact
that appellant continued to possess the item of property on his body distinguishes
this case from the cases finding that an abandonment had occurred.  See,
e.g., Cooper v. State, 889 S.W.2d 8, 9 (Tex. App.CEastland 1994, no pet.) (defendant abandoned
baggie when he voluntarily dropped it during police encounter).








The
State additionally contends that Detective Henry=s
search of the film cannister was permissible as a search incident to arrest. 
In this regard, the trial court determined that appellant committed the offense
of evading arrest in the presence of Detective Henry.  If an officer has
probable cause to believe that an individual has committed an offense in his
presence, he may arrest the offender and conduct a search incident to arrest.  McGee
v. State, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003); Dew v. State,
214 S.W.3d 459, 462 (Tex. App.CEastland
2005, no pet.) 

Appellant
contends that Detective Henry=s
search of appellant did not constitute a search incident to arrest because
Detective Henry had not arrested appellant at the time that he found the film
cannister.  We addressed a similar situation in Dew.  We held that it is
irrelevant that the arrest occurs immediately before or after the search as
long as sufficient probable cause exists for the officer to arrest before the
search.  Dew, 214 S.W.3d at 462 (citing Rawlings v. Kentucky, 448
U.S. 98, 111 (1980), and State v. Ballard, 987 S.W.2d 889, 892 (Tex.
Crim. App. 1999)).  Accordingly, the occurrence of the search immediately prior
to appellant=s arrest
does not invalidate the search incident to arrest.  Furthermore, Detective
Henry=s choice to only
arrest appellant for the more serious drug offense after the search does not
invalidate the fact that he had probable cause to arrest appellant for evading
arrest at the time the search occurred.  Appellant=s sole issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

May 1, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.