

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00608-CR

Steven John **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR9699
Honorable Joel Perez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: February 25, 2026

AFFIRMED

Appellant Steven John Gonzales was arrested and charged with possession of a controlled substance in penalty group 1, 4-200 grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d); *see also id* § 481.102(2) (identifying heroin as a member of penalty group I). Gonzales filed a pretrial motion to suppress any evidence resulting from his allegedly unlawful arrest, but the trial court denied Gonzales' motion. In two issues, Gonzales complains that the trial court erred in denying his motion to suppress because: (1) there was no affirmative

link to him and the drugs, and as a result, (2) he was wrongly arrested so the evidence was illegally obtained.  We affirm.

## I. BACKGROUND

At the hearing on the motion to suppress, the State stipulated that Gonzales was arrested without a warrant.  The State's sole witness was San Antonio Police Department Officer Marco Trevino.  Officer Trevino's body worn camera footage was entered as State's Exhibit 1.

On July 21, 2023, Officers Trevino and Carrow were responding to an unrelated call when they noticed Gonzales and Daniel Garcia seated on opposite sides of a utility pole.  Officer Trevino observed Garcia shove something under the utility pole, which caught his attention as suspicious behavior because the area was known for crime and drug use.  Officer Carrow continued responding to the unrelated call, while Officer Trevino stopped and approached Gonzales and Garcia with the intention of initiating a consensual encounter.  In plain view and in arm's reach of the men were multiple syringes, some loaded with heroin and some used, a torchlight, and two bags, one blue and one yellow.  Officer Trevino testified that based on his experience and training, he recognized the syringes to be loaded with heroin.  Officer Trevino detained both individuals for his safety.  While the men were detained, Officer Trevino asked the men who the drugs belonged to.  The men denied having drugs.

Officer Trevino searched the blue bag, which was open and caught his attention because it had an orange needle cap sticking out of it.  Officer Trevino asked the men where they got the drugs and who the blue bag belonged to.  Neither Gonzales nor Garcia claimed the blue bag. Officer Trevino then asked who the yellow bag belonged to and Gonzales stated the bag was his. When Officer Trevino opened the yellow bag, he found a syringe filled with heroin and a bag of what Gonzales confirmed to be heroin.  Shortly after, Gonzales asked Officer Trevino if he could

have a cigarette. Officer Trevino answered yes and asked if the cigarettes were in his bag. Gonzales said yes and gestured towards the yellow bag. In the yellow bag Officer Trevino found cigarettes, bags of methamphetamine, a scale, an empty bottle of lactose (a drug cutting agent) and two cellphones. Officer Trevino continued to search the yellow bag as Officer Carrow read the men their *Miranda* rights. After Gonzales was read his *Miranda* rights, he claimed the yellow bag and identified the drugs that Officer Trevino found therein.

At the motion to suppress hearing, Gonzales, through counsel, argued Officer Trevino did not have probable cause to detain him, and Officer Trevino did not have probable cause to arrest him because there was no affirmative link from Gonzales to the syringe found under the utility pole. Gonzales emphasized that it was Garcia, not him, who was affirmatively linked to the drugs. The trial court found that the men were legally detained, there was probable cause to arrest Gonzales, and the search of the yellow bag was a search incident to arrest. The trial court suppressed all statements Gonzales made pre-*Miranda*: asking for a cigarette and gesture to the yellow bag to identify where the cigarettes were located. Thereafter, Gonzales waived his trial rights and entered an open plea of no contest. The trial court found Gonzales guilty and sentenced him to a term of five years imprisonment.

## II. DISCUSSION

### A. Standard of Review

"We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review." *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). In reviewing a trial court's decision, we do not engage in our own factual review. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We afford almost complete deference to a trial court's rulings on questions of historical facts and application-of-law-to-fact questions that turn on

an evaluation of credibility and demeanor. *Johnson v. State,* 154.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when a trial court's rulings do not turn on the credibility and demeanor of the witnesses, we review *de novo* a trial court's rulings on mixed questions of law and fact. *Id.* Unless a trial court abused its discretion by making a finding not supported by the record, an appellate court will defer to the trial court's fact findings and not disturb the findings on appeal. *See Miller v. State*, 393 S.W.3d 255, 262–63 (Tex. Crim. App. 2012).

## B.     Affirmative Link

On Appeal, Gonzales first argues the trial court erred by refusing to grant his motion to suppress because there was no "affirmative link" between him and the heroin. However, the purpose of a pre-trial motion is to address preliminary matters, not the merits of the case. *Woods v. State,* 153 S.W.3d 413 (Tex. Crim. App. 2005). Affirmative links to evidence pertain to the sufficiency of evidence. *State v. Jimenez*, 763 S.W.2d 436, 436 (Tex. App.—El Paso 1988, writ ref'd). There is no pretrial procedure to test the sufficiency of the evidence in a criminal case. *State v. Iduarte*, 268 S.W.3d 544, 551 (Tex. Crim. App. 2008) (holding motion to suppress does not include holding a mini-trial on the sufficiency of the evidence to support an element of the offense); *see also Carter v. State*, No. 05-94-00063-CR, 1995 WL 238661, at *4 (Tex. App.—Dallas Apr. 21, 1995, no pet.) (mem. op., not designated for publication) (holding motion to suppress is concerned with the legality of the search or seizure). Therefore, the trial court did not err by refusing to suppress the evidence based on allegedly insufficient links. We overrule Gonzales' first issue.

## C.     Lawful Arrest

Gonzales next argues that the trial court erred by refusing to grant his motion to suppress because he was unlawfully arrested without probable cause or an affirmative link to the

contraband. As the argument goes, because he was unlawfully arrested, the evidence was unlawfully obtained and cannot be saved by the attenuation of the taint doctrine.

A warrantless arrest may be lawful if the officer has: (1) probable cause to arrest with respect to the individual in question; and (2) authority to arrest under a statutory exception. *Torres v. State*, 182 S.W.3d 899, 901 (Tex.Crim.App.2005). When an officer sees a person possessing drugs in plain view, the officer has probable cause to arrest the person. TEX. CODE CRIM. PROC. ANN. art. 14.01(a) ("A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace."); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (establishing possession of controlled substance in penalty group two as second degree felony when amount is at least four grams but less than 400 grams). An officer also has probable cause to seize the drugs. *See Miller*, 393 S.W.3d at 266 (holding officer can seize item in plain view when officer views from place officer has right to be and it is immediately apparent that viewed item constitutes evidence of criminal activity). In determining whether probable cause existed, we apply a totality of the circumstances test. *State v. Baldwin*, 664 S.W.3d 122, 130 (Tex. Crim. App. 2022) Probable cause requires more than mere suspicion but far less evidence than that needed to convict. *See Guzman v. State,* 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

A search incident to an arrest is one of the exceptions to the warrant requirement for searches. *State v. Drury*, 560 S.W.3d 752, 755 (Tex. App.—Fort Worth 2018, pet. ref'd). There are two justifications for a search incident to arrest: "(1) the need for officers to seize weapons or other things which might be used to assault [a]n officer or effect an escape, and (2) the need to prevent the loss or destruction of evidence." *State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim.

App. 2014). Given the purposes of the exception, an officer may search the arrestee's "personal effects." *Dew v. State*, 214 S.W.3d 459, 462 (Tex. App.—Eastland 2005, no pet.).

Here, Officer Trevino observed Garcia shoving something under the utility pole, which caught his attention as suspicious behavior, especially since the area is known for crime and drugs. As he approached, Officer Trevino observed multiple syringes with apparent drugs and a torch in plain view and within arm's reach of both men. Officer Trevino found a syringe loaded with heroin. And finally, Gonzales claimed the yellow bag which contained drugs and drug paraphernalia. Based on the totality of the facts, Officer Trevino had probable cause to arrest Gonzales for possession of drugs and Officer Trevino conducted a valid search incident to arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (allowing police officer to arrest someone after observing individual commit crime); *see Gabriel v. State*, No. 04-15-00759-CR, 2017 WL 68577 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op., not designated for publication) (finding a warrantless search of a backpack located in the bed of a truck after defendant handcuffed a lawful search incident to arrest). Therefore, the search and arrest were not misconduct so the attenuation of the taint doctrine is not applicable. *See Utah v. Strieff*, 579 U.S. 232 (2016) (explaining the doctrine applies when there is a "connection between unconstitutional police conduct and the evidence"). Accordingly, we overrule Gonzales' second issue.

### III. CONCLUSION

We affirm the trial court's denial of the motion to suppress.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH