STATE OF HAWAII, Plaintiff-Appellant, *v.* DAVID A. HAILI, Defendant-Appellee

NO. 7547

CRIMINAL NO. 53078

AUGUST 25, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

---

554

*Per Curiam.* The State of Hawaii appeals a circuit court order granting a motion to suppress evidence filed by defendant David A. Haili before trial. Defendant was charged with possession of prohibited firearm in violation of Hawaii Revised Statutes § 134-8 (1976).

At approximately 10:30 p.m. on May 5, 1979, a security guard posted at the Kapaa Quarry heard 6-7 gunshots and also heard a bullet hit a building next to his. He immediately reported the incident to the police and added that he felt that the shots were coming from the unfinished portion of the H-3 freeway. The guard furnished no other information.

A police bulletin of the incident was broadcasted. Within minutes, Officer Charles Davis was at the designated portion of the freeway and stood with his rifle at the chain link fence which serves to barricade the uncompleted end of the freeway. A few minutes later, Officer Davis observed a car travelling at a reasonable speed on the uncompleted freeway approaching with headlights on. He stopped the car. From a distance of sixty feet, he ordered the four occupants out of the car. Each immediately complied except Defendant Haili, who was leaning over and watching the officer. The officer raised his rifle and repeated his command. This time defendant obeyed, after causing a delay of five seconds.

At this point, additional officers arrived and they conducted a "pat down" of the four occupants. The four then sat on the ground and were guarded by one officer. The other officers scanned the interior of the car with a flashlight and spotted a .22-caliber rifle casing on the front floor. They also saw a black case on the rear floor partially concealed by the front seat. Upon pushing the front seat forward, the officers saw a ukulele case, unlatched although the cover was down. Officer Davis opened the case and found a modified rifle and plastic boxes containing .22-caliber rifle ammunition.

In granting the motion to suppress the contents of the ukulele case, the trial court ruled that the warrantless search of the ukulele case was unconstitutional.[1] We affirm.

## I.

We agree with the lower court that there were specific and articulable facts to justify the police to stop defendant's vehicle and to order out and frisk. The report received by the police had been specific that gunshots had been heard. The origin of the gunshots had been sufficiently pinpointed. The uncompleted end of the freeway was not open to the general public; it had a chain link fence which served as a barricade. Officer Davis was at the barricade within a few minutes of the broadcast. The hour was late, and there was a cover of darkness. The appearance of a single vehicle approaching on the uncompleted highway, combined with the other circumstances, would prompt a man of reasonable caution to stop and investigate the vehicle for criminal activity and, as an added precaution, to order out and frisk. To do otherwise would have been poor police work. Officer Davis' conduct at this point was constitutionally permissible. *Terry v. Ohio,* 392 U.S. 1 (1968); *State v. Barnes,* 58 Haw. 333, 568 P.2d 1207 (1977); *State v. Joao,* 55 Haw. 601, 525 P.2d 580 (1974).

## II.

The scanning of the interior of the car by the officers with a flashlight has been held to be permissible conduct under the constitution. *State v. Bennett,* 62 Haw. 59, 610 P.2d 502 (1980); *State v. Hanawahine,* 50 Haw. 461, 443 P.2d 149 (1968).

In the case at bar, we conclude that once the officers saw the .22-caliber casing on the front floor of the car and the ukulele case, a known repository for firearms, there was probable cause to search. These additional facts, combined with the other circumstances which allowed the stop and frisk, are sufficient to constitute probable cause. Probable cause is said to exist when the facts and circum-

[1] Fourth amendment, U. S. Constitution and art. I, § 5, Hawaii State Constitution.

stances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a crime was being committed. *Carroll v. United States,* 267 U.S. 132 (1925); *State v. Texeira,* 50 Haw. 138, 142, 433 P.2d 593, 597 (1967).

Although we find that under the circumstances of this case the officers had probable cause to search, we concur with the conclusion of the trial court that exigent circumstances were lacking to allow the officer to search the case without first obtaining a warrant. Once the case fell into the hands of the officers, the safety of the officers was ensured. *Robbins v. California,* 49 L.W. 4906 (decided July 1, 1981); *Arkansas v. Sanders,* 442 U.S. 753 (1979); *United States v. Chadwick,* 433 U.S. 1 (1977); *State v. Jenkins,* 62 Haw. 660, 619 P.2d 108 (1980).

Affirmed.

*Arthur E. Ross, (Duffy J. Mendonca* on the briefs), Deputy Prosecuting Attorneys, for plaintiff-appellant.

*Anthony H. Yusi,* Deputy Public Defender, for defendant-appellee.