STATE OF HAWAII, Plaintiff-Appellee, *v.* BRIAN KEVIN JEROME, Defendant-Appellant

NO. 11050

(CRIMINAL NO. 85-0178)

MAY 5, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND
INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS,
IN PLACE OF WAKATSUKI, J., EXCUSED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for promoting a detrimental drug in the first degree (HRS § 712-1247(1)(e) ). Appellant urges that the court below erred in not suppressing as evidence, the 2.2 pounds of marijuana found, after a search pursuant to a warrant, in a cardboard box seized from appellant. Secondly, appellant contends that he had the ineffective assistance of counsel at the hearing on the motion to suppress in that counsel did not properly pursue the motion that had been filed to obtain the name and address of the informant. We affirm.

At approximately 3:20 p.m., April 17, 1984, agent John D. McCarthy received a telephone call from a confidential informant that a Caucasian male had arrived from Hilo and possessed a brown suitcase and a cardboard box sealed with gray tape. The informant told McCarthy that the cardboard box contained marijuana by the individual's own admission, and that the individual, who was in possession of the box, was in or near a green AMC Rambler in front of the baggage claim areas 9 and 10 at the Honolulu International Airport. Agent McCarthy immediately went to the location in question and, at 3:25 p.m., saw appellant seated in a green Rambler. Approaching the appellant, he noted a cardboard box sealed with gray tape on the backseat. Appellant identified himself as Brian Kevin Jerome by means of a Washington state driver's license. The informant, whom agent McCarthy knew and believed to be reliable because of his use on two prior occasions, was nearby, and personally identified appellant as the individual who had informed him that he had marijuana in the cardboard box. McCarthy asked appellant to consent to a search of the box and, when appellant refused, informed him that the box would be temporarily detained until a trained narcotics dog could sniff the box. At 4:00 p.m., the dog sniffed the box and identified it as containing marijuana. The agent promptly prepared an affidavit and search warrant, and took them to a district judge who signed the warrant, the box was searched, and found to contain the marijuana in question.

Appellant contends that the detention from approximately 3:30 p.m. to 4:00 p.m. of the box, prior to the dog-sniff, was an unconstitutional seizure, relying on *United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), which held that temporary seizures on reasonable suspicion and without warrant pending a dog-sniff could be constitutionally valid, but that the 90-minute delay in that case was impermissible. We have followed *Place* with respect to challenges to a dog-sniff on the basis of Article I, section 7 of the State Constitution. *State v. Snitkin*, 67 Haw. 168, 681 P.2d 988 (1984). In our view, *Place* does not make the seizure here an unconstitutional application of the doctrine originally laid down as an exception to the warrant requirement in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

In *Place*, the drug agents, alerted as to the defendant's time of

arrival, had ample opportunity to prepare for the least intrusive method of handling the seizure in question. As the Supreme Court pointed out, they, among other things, could have had the drug-sniffing dog available immediately upon the seizure. Instead, after the seizure, they took the container from La Guardia to Kennedy airfield in order to accomplish the sniff.

In this case, by contrast, a total of only 10 minutes elapsed from the tip to the seizure and there is no indication in the record that the 30-minute delay in bringing the dog to the box or vice versa was either avoidable or unreasonable.

Moreover, we think *Place* inapposite in this case. Here, prior to the seizure, the officer had the informant's tip with detailed information as to the box, the tape, the description of appellant, his location in a green AMC Rambler at baggage claim areas 9 and 10, the informant's statement that appellant had admitted to him that the box contained marijuana, the fact that the officer had used the informant on two previous occasions and felt him to be reliable, and the fact that the informant on the scene, in person, identified appellant as the person who had told him that the box contained marijuana. We think there was probable cause and exigent circumstances for the seizure even though the officer felt he did not have probable cause to search at that point. As has been said:

> "Probable cause . . . exist[s] when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a crime [has been or is] being committed."

*State v. Phillips*, 67 Haw. 535, 539, 696 P.2d 346, 350 (1985), *quoting State v. Haili*, 63 Haw. 553, 555-56, 632 P.2d 1064, 1065 (1981).

In our view, given the facts in this case, the procedure followed by the officers of seizing and temporarily detaining the box in question until a dog-sniff could be arranged and of thereafter obtaining a warrant prior to search was constitutionally permissible.

We find no merit in appellant's claim that he was denied the effective assistance of counsel by the failure of his counsel to pursue his quest for the name and address of the informant. Counsel's conduct of the suppression hearing was obviously not materially adversely affected thereby. Affirmed.

*Gary N. Oakes (Dana Ishibashi* and *Susan Barr* on the briefs), Deputy Public Defenders, for appellant.
*Alexa D.M. Fujise,* Deputy Prosecuting Attorney, for appellee.