**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000852
27-MAY-2022
08:03 AM
Dkt. 67 MO**

NO. CAAP-19-0000852

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JAMISON T. CROWE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-19-691397)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Jamison Crowe (**Crowe**) appeals from a Judgment and Notice of Entry of Judgment (**Judgment**) filed in the District Court of the Second Circuit (**District Court**)[1] on November 13, 2019, in which he was convicted of violating Hawaii Revised Statutes (**HRS**) § 291E-62(a).[2]  The Judgment was entered pursuant to a no contest plea in which Crowe reserved the right to appeal the District Court's denial of his motion to suppress evidence.

On appeal, Crowe contends the District Court erred when it denied his suppression motion and concluded that:

---

[1]  The Honorable Kirstin M. Hamman presided.

[2]  § 291E-62(a) (2020) provides, in part: "No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to . . . section 291E-61 . . . shall operate or assume actual physical control of any vehicle[.]"

(1) § 13-102-06(i) of the County of Maui Police Department's Rules of Practice and Procedure Relating to Intoxicant Control Roadblock Program (**Document Check Rule**)[3] (effective 2004) complies with HRS §§ 291E-19 (2020)[4] and 291E-20 (2020)[5] (**Authorizing Statutes**); and

---

[3] Rules of Practice and Procedure Relating to Intoxicant Control Roadblock Program § 13-102-06(i) provides: "The police officer shall conduct a document check by requesting or demanding that the operator of the vehicle produce a valid driver's license, and a current motor vehicle or liability insurance identification card as required by sections 286-116 and 431:10C-107, HRS."

[4] HRS § 291E-19 (2020) provides in pertinent part:

> The police departments of the respective counties may establish and implement intoxicant control roadblock programs in accordance with the minimum standards and guidelines provided in section 291E-20.  The chief of police in any county establishing an intoxicant control roadblock program pursuant to this section shall specify the procedures to be followed in carrying out the program in rules adopted under chapter 91; provided that the procedures shall be in conformity with and not more intrusive than the standards and guidelines described in section 291E-20.

[5] HRS § 291E-20 (2020) provides:

(a) Every intoxicant control roadblock program shall:
> (1) Require that all vehicles approaching roadblocks be stopped or that certain vehicles be stopped by selecting vehicles in a specified numerical sequence or pattern;
> (2) Require that roadblocks be located at fixed locations for a maximum three-hour period;
> (3) Provide for the following minimum safety precautions at every roadblock:
>> (A) Proper illumination;
>> (B) Off-road or otherwise safe and secure holding areas for vehicles involved in any roadblock stop;
>> (c)) Uniformed law enforcement officers carrying proper identification;
>> (D) Adequate advance warning of the fact and purpose of the roadblocks, either by sign posts, flares, or other alternative methods;
>> (E) Termination of roadblocks at the discretion of the law enforcement officer in charge where traffic congestion would otherwise result; and
> (4) Provide for a sufficient quantity and visibility of uniformed officers and official vehicles to ensure speedy compliance with the purpose of the roadblocks and to move traffic with a minimum of inconvenience.

(continued...)

(2) a police officer's demand for Crowe's driver's license was within the constitutional scope of an intoxication roadblock.

For the reasons discussed below, we affirm the District Court's denial of Crowe's suppression motion, and thus, also affirm the Judgment.

## I.  Background

On March 8, 2019, Maui Police Department (**MPD**) Officer James Burkett (**Officer Burkett**) stopped Crowe at an intoxication roadblock.  Officer Burkett asked Crowe for his license and insurance information.  Crowe responded that he did not have a license.  Officer Burkett asked Crowe why he did not have one, and Crowe responded that it was possibly suspended.  Officer Burkett checked Crowe's driver's license status, and determined it was suspended for operating a vehicle under the influence of an intoxicant (**OVUII**).  Officer Burkett cited Crowe for violating HRS § 291E-62(a).

On March 19, 2019, Plaintiff-Appellee State of Hawaiʻi (**State**) filed an Amended Complaint charging Crowe with: Count I, Operating a Vehicle after License and Privilege Have Been Suspended or Revoked for OVUII, in violation of HRS § 291E-62; Count II, Driving While License Suspended or Revoked in violation of HRS § 286-132; and Count III, Driving Without a License in violation of HRS § 286-102.

Crowe filed a Motion to Suppress all evidence related to Officer Burkett's request for Crowe's license, arguing that the request violated Crowe's rights under the Fourth Amendment of the United States Constitution[6] and article I, section 7 of the

---

[5](...continued)
(b) Nothing in this section shall prohibit the establishment of procedures to make roadblock programs less intrusive than required by the minimum standards provided in this section.

[6]  U.S. CONST. amend. IV provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

(continued...)

Hawaiʻi Constitution.[7]  Specifically, Crowe argued that MPD's Document Check Rule violated the Authorizing Statutes and Crowe's constitutional protections.  The District Court denied the Motion to Suppress, entering its Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Suppress (**Order Denying Motion to Suppress**).

Subsequently, pursuant to a plea agreement, Crowe pleaded no contest to Count I, maintained his right to appeal the Order Denying Motion to Suppress, and the State dismissed Counts II and III with prejudice.  The District Court entered Judgment on November 13, 2019.

## II.  Discussion

### A.  The Document Check Rule does not invalidate MPD's roadblock intoxication program

A lower court's ruling on a motion to suppress is reviewed on appeal *de novo* to determine whether the ruling was right or wrong.  State v. Rodgers, 99 Hawaiʻi 70, 72, 53 P.3d 209, 211 (2002).

The District Court's Order Denying Motion to Suppress made the following relevant findings and conclusions:

FINDINGS OF FACT

1.    On March 8, 2019, officers of the Maui Police Department ("MPD") conducted an intoxication control roadblock near the intersection of Piilani Highway and Kulanihakoi Street.

---

[6](...continued)
searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

[7]  Article I, section 7 of the Hawaiʻi Constitution provides:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches, seizures and invasions of privacy shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized or the communications sought to be intercepted.

2.    At 9:10 p.m., Defendant was stopped at the intoxication control roadblock without an arrest or search warrant.

3.    Officer James Burkett made contact with Defendant.

4.    Officer Burkett did not observe any irregularities in Defendant's driving when Defendant stopped his vehicle at the intoxication control roadblock.

5.    Upon contact with Defendant, Officer Burkett did not observe any physical signs indicating the Defendant was under the influence of an intoxicant.  Defendant did not exhibit red, watery eyes, flushed, oily facial features, slurred speech, and Officer Burkett did not detect the odor of liquor.

6.    After explaining the purpose of the stop and observing Defendant, Officer Burkett demanded that Defendant provide his license and proof of insurance.

7.    Sergeant Greg Rowe was the assigned supervisor for the intoxication control roadblock conducted on March 8, 2019.

8.    Sergeant Rowe testified that officers at the intoxication control roadblock are required to demand license and insurance information from motorist stopped at the intoxication control roadblock.

9.    Such a demand is made pursuant to the Rules and Practice and Procedure Relating to Intoxicant Control Roadblock Program ("Intoxication Roadblock Rules"), specifically § 13-102-06(i) ("Document Check Rule") and is based on the requirement in HRS §286-116 to ask for a driver license and proof of insurance.

10.    When Defendant could not provide proof of a valid license, Officer Burkett ordered Defendant to proceed to the intoxication control roadblock holding area.

11.    In the holding area, Officer Burkett issued Defendant a citation related to his inability to provide a valid license.

12.    Officer Burkett issued this citation at 9:19 p.m., nine minutes after Defendant's initial seizure.

. . . .

CONCLUSIONS OF LAW

. . . .

10.    The roadblock in this case was constitutionally valid under [Michigan Dept. of State Police v. Sitz, 496 U.S. 444 (1990)] balancing test because it complied with the minimum standards for

5

roadblock procedures established in HRS 291E-20 and Maui's less intrusive roadblock rules established pursuant to HRS 291E-19 and Chapter 91.

. . . .

15.    In State v. Aguinaldo, 71 Hawaiʻi 57, 782 P.2d 1225 (1989), the Defendant challenged her detention at a roadblock and demand for her driver's license and insurance card as a warrantless search. The Defendant in Aguinaldo argued that the statutes authorizing the police to establish intoxication roadblocks did not expressly authorize police officers to enforce other traffic laws at the time of the roadblock stop.

16.    The Aguinaldo court noted that while the statutes authorizing intoxication roadblocks "do not expressly authorize enforcement of other traffic laws, they also do not prohibit it."  Id. 71 Hawaiʻi at 58, 782 P.2d at 1226.

17.    The Aguinaldo court reasoned that because Hawaii Revised Statutes §286-116 requires police officers when stopping a vehicle for any reason to demand that the driver or owner display the driver's or owners driver's license and insurance identification card, officers are "statutorily authorized to enforce the laws requiring drivers to have with them a valid driver's license and a no-fault insurance card by demanding that the same be produced when a stop is validly made."  Id. 71 Hawaiʻi at 61, 782 P.2d at 1228.

18.    The Aguinaldo court also ruled, "Hawaiʻi law requires possession of no-fault insurance identification card in addition to a driver's license for the operation of a motor vehicle.  We, therefore, hold that the police has the power and authority to demand from the driver of a vehicle the production of both whenever the vehicle is validly stopped."  Id. at 71 Hawaiʻi at 64, 782 P.2d at 1229.

19.    The Defendant argues that when Aguinaldo was decided, HRS §291E-19 was codified as HRS §286-162.5, and HRS §291-20 was codified as §286-162.6 and, therefore, is inapplicable to this case. According to Defendant, the Aguinaldo court "did not consider the issue in this case-whether the adoption of a rule requiring a document check is permissible under the Authorization Statutes express prohibition on more intrusive intoxication roadblock measures." Def. Mot. To Supp. at page 11.  However, the express prohibition on more intrusive intoxication roadblock measures is the same express prohibition that was contained in HRS §286-162.5 when Aguinaldo was decided.  Although the Aguinaldo court was analyzing HRS §286-116 and not a rule promulgated by the police department, the Document Check Rule is based on HRS §286-116.  Aguinaldo is applicable to this case.

. . . .

> 22.   In this case, Defendant was validly
> stopped at an intoxication roadblock.  It is required
> under HRS §286-116 for officers to ask for a driver's
> license and insurance card when conducting a vehicle
> stop.  HRS §286-116 serves as the basis for the
> Document Check Rule promulgated by the police
> department.  Officer Burkett issued the Defendant a
> citation nine minutes after the initial seizure.
> Detaining the Defendant while writing the citation did
> not expand the scope of the initial stop as it did in
> [State v. Iona, 144 Hawaiʻi 412, 443 P.3d 104 (2019)].
> Requesting the Defendant's driver's license and
> insurance card is reasonably related to the initial
> stop unlike the warrant check in Iona.
>
> . . . .
>
> 25.   The initial stop was valid and the request
> for Defendant's license and insurance card was
> reasonably related in scope to the initial stop.

The focus in this case is Officer Burkett's request to Crowe to produce his driver's license during the intoxication roadblock stop.  In our view, the Hawaiʻi Supreme Court's decision in State v. Aguinaldo, 71 Haw. 57, 782 P.2d 1225 (1989) is dispositive.  The facts in Aguinaldo were summarized as follows:

> On July 26, 1988, Maui police set up an intoxication
> control roadblock at Firebreak Road and Haleakala
> Highway.  Defendant-Appellee Lynn Aguinaldo was
> driving a vehicle which was routinely stopped for a
> check.  When the police officer had an opportunity to
> observe Aguinaldo, it was apparent that she was not
> intoxicated.  The police officer, as a matter of
> routine, then asked Aguinaldo to produce her driver's
> license and no-fault insurance card.  When Aguinaldo
> was unable to do so, the police officer cited her for
> failure to produce a current driver's license and
> proof of car insurance.

Id. at 58, 782 P.2d at 1226 (emphases added).  Aguinaldo moved to suppress the citation.  Id.  The trial court granted the motion on the following grounds:

> (1) the highway safety statutes relating to
> intoxication control roadblock programs do not
> authorize police officers to enforce any other laws
> than those relating to driving under the influence of
> intoxicating substances (DUI) at an intoxication
> roadblock, and (2) the police had no probable cause to
> detain and question Aguinaldo once it was determined
> that she was not violating any DUI laws.

Id. at 58-59, 782 P.2d at 1226.  The State appealed.  Id. at 59, 782 P.2d at 1226.  The Hawaiʻi Supreme Court reversed, reasoning that:

> While the roadblock statutes do not expressly authorize police to enforce other traffic laws at DUI roadblock stops, neither do they prohibit it.
>
> A separate section of the highway safety laws, HRS § 286-116 (1985), authorizes "[e]very police officer or law enforcement officer when stopping a vehicle or inspecting a vehicle *for any reason* [to] demand that the driver or owner display the driver's or owner's driver's license and insurance identification card." (Emphasis added.)
>
> "Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another." HRS § 1-16 (1985); see also Zator v. State Farm Mutual Auto Ins. Co., 70 Haw. 594, ----, 752 P.2d 1073, 1075 (1988).
>
> Both the roadblock statutes and HRS § 286-116 pertain to police powers in ensuring highway safety. HRS § 286-116 authorizes the police to demand the production of a driver's license and no-fault insurance card whenever the police stop a vehicle for any reason.
>
> We interpret "for any reason" to mean stopping vehicles for any *valid* reason. . . .
>
> When the roadblock statutes are read in conjunction with § 286-116, it is clear that the police are statutorily authorized to enforce the laws requiring drivers to have with them a valid driver's license and a no-fault insurance card by demanding that the same be produced when a stop is validly made.

Id. at 60-61, 782 P.2d at 1227-28 (emphasis added) (footnote and citation omitted).

In Aguinaldo, the defendant stipulated that the stop of her vehicle pursuant to the intoxication roadblock was constitutionally valid, thus the supreme court did not address the propriety of requesting a driver's license pursuant to HRS § 286-116 (2020)[8] where no such stipulation was made.  Id. at 62, 782 P.2d at 1228.  However, the Hawaiʻi Supreme Court did address

---

[8]  We note that the pertinent language in HRS § 286-116(a) is identical to the version applicable in Aguinaldo.  See HRS § 286-116(a); Aguinaldo, 71 Haw. at 60 n.2, 782 P.2d at 1227 n.2.  HRS § 286-116(a) (2020) provides, in relevant part: "Every police officer or law enforcement officer when stopping a vehicle or inspecting a vehicle for any reason shall demand that the driver or owner display the driver's or owner's driver's license and insurance identification card."  (Emphasis added.)

an asserted lack of connection between the stop and the license inquiry, adopting the following rationale from an Oregon case:

> Although the officer's request for identification or a driver's license did not directly relate to the purpose of the roadblock, it certainly related to the defendant's status as the driver of the car. We hold that if an automobile is validly stopped by a law enforcement officer, the officer may request the operator's driver's license.

Aguinaldo, 71 Haw. at 63, 782 P.2d at 1228 (quoting State v. Tourtillott, 618 P.2d 423, 435 (Or. 1980)). Based on the foregoing rationale, the Hawaiʻi Supreme Court concluded:

> Hawaii law requires possession of [a] no-fault insurance identification card in addition to a driver's license for the operation of a motor vehicle. We, therefore, hold that the police has [sic] the power and authority to demand from the driver of a vehicle the production of both whenever the vehicle is validly stopped. In this case, Aguinaldo stipulated that the roadblock stop was constitutionally valid, therefore, the demand for production of her driver's license and proof of no-fault insurance was also constitutionally permissible.

Id., 71 Haw. at 63, 782 P.2d at 1229 (emphasis added) (footnote omitted).

Here, Crowe seeks to distinguish Aguinaldo by asserting that his stop was not valid because the MPD's intoxication roadblock program is designed in an invalid manner due to inclusion of the Document Check Rule. In short, Crowe argues that, even if Officer Burkett had the authority to demand his driver's license, the Authorization Statutes were violated by designing the MPD's intoxication roadblock program to mandate such action.

We conclude Crowe's argument is unavailing. The Document Check Rule expressly cites to HRS § 286-116 as authority for the driver to produce a driver's license. See § 13-102-06(i) of the County of Maui Police Department's Rules of Practice and Procedure Relating to Intoxicant Control Roadblock Program. We decline to rule that the entire MPD intoxication roadblock program is invalid because the MPD rules also incorporate a provision that is correct under HRS § 286-116. As the Hawaiʻi Supreme Court recognized in Aguinaldo, HRS § 286-116 and the

9

Authorizing Statutes are laws *in pari materia*.  71 Haw. at 60-61, 782 P.2d at 1227.  Further, Crowe does not challenge any other part of the intoxication roadblock program or assert that any other conduct by police was improper or invalid.  Thus, we conclude the intoxication roadblock was valid and, as in <u>Aguinaldo</u>, Officer Burkett was authorized under HRS § 286-116 to demand that Crowe produce his driver's license.  Crowe's argument seeking to distinguish <u>Aguinaldo</u> lacks merit.

We thus reject Crowe's first point of error.

**B.    The District Court did not err in concluding that the demand for Crowe's license was within the constitutional scope of the intoxication roadblock**

With regard to Crowe's second point of error, he appears to challenge the following conclusions in the District Court's Order Denying Motion to Suppress:

> 20.    Defendant also asserts that <u>Aguinaldo</u> is inapplicable to this case because <u>Aguinaldo</u> was decided before <u>State v. Perez</u>, 111 Hawaiʻi 392, 141 P.3d 1039 (2006), and <u>State v. Iona</u>, 144 Hawaiʻi 412, 443 P.3d 104 (2019).  In <u>Perez</u>, the court held that an investigative stop must be (1) justified at its inception and (2) reasonably related in scope to the circumstances which justified the interference in the first place.  <u>Perez</u>, 111 Hawaiʻi at 397, 141 P.3d at 1044.  Defendant argues that the Document Check Rule impermissibly expands the scope of the intoxication roadblock stop.  Def. Mot. To Supp. at page 7.
>
> 21.    <u>Perez</u> and <u>Iona</u> are distinguishable from this case.  In <u>Iona</u> the defendant was stopped for riding a bicycle with an expired tax decal.  <u>Iona</u> 144 Hawaiʻi at 414, 443 P.3d at 106.  The officers detained the defendant longer than it would have taken to write a citation in order to do a warrant check. <u>Id</u>.  When it was discovered the defendant had an outstanding warrant, a pat-down revealed defendant was in possession of drugs.  <u>Id</u>.  The <u>Iona</u> Court held that because the warrant check came back after the span of time necessary for the police to obtain Iona's identifying information from him and to write and issue the citation, Iona's arrest was illegal.
>
> 22.    In this case, Defendant was validly stopped at an intoxication roadblock.  It is required under HRS §286-116 for officers to ask for a driver's license and insurance card when conducting a vehicle stop.  HRS §286-116 serves as the basis for the Document Check Rule promulgated by the police department.  Officer Burkett issued the Defendant a citation nine minutes after the initial seizure. Detaining the Defendant while writing the citation did

10

not expand the scope of the initial stop as it did in Iona.  Requesting the Defendant's driver's license and insurance card is reasonably related to the initial stop unlike the warrant check in Iona.

23.    In Perez, police arrested the defendant for shoplifting.  During a pat down search of the defendant, police found a coin purse.  Suspecting the coin purse may have drugs, the police detained Perez beyond the period necessary to process Perez on the shoplifting charge in order to get a canine narcotics screening of the coin purse.  The Perez Court held that the delay to conduct the search of the coin purse "was not reasonably related either in time or to the circumstances which might have justified it (i.e., the shoplifting arrest and a search for evidence of that offense) in the first place, and it cannot retroactively be sanitized under the umbrella of the earlier arrest".  Perez 111 Hawaiʻi at 398, 141 P.3d at 1045.

24.    Unlike Perez, Officer Burkett's request for the Defendant's license and insurance card pursuant to the Document Check Rule was reasonably related in time and to the circumstances which justified it in the first place (i.e., the intoxication roadblock stop).

25.    The initial stop was valid and the request for Defendant's license and insurance card was reasonably related in scope to the initial stop.

Crowe argues the District Court erroneously concluded that "a demand to produce information for the purpose of investigating separate, unrelated offenses was reasonably related to the purpose of the intoxication roadblock seizure and did not expand the scope of this seizure."  In short, Crowe seems to assert that where the purpose of the intoxication roadblock was to address impaired driving, it was beyond the constitutional scope of that purpose to also investigate his license status.  Given the circumstances of this case, we reject Crowe's argument and conclude the District Court correctly determined that the demand for Crowe's license was proper and reasonably related in scope to the intoxication roadblock stop.

In addressing this point, it is important to distinguish between the analysis underlying the constitutionality

of a <u>Terry</u> stop[9] and an intoxication roadblock stop.  A <u>Terry</u> stop is a "temporary investigative detention of an individual by the police without a warrant," which is "strictly tied to and justified by the circumstances which rendered its initiation permissible."  <u>State v. Iona</u>, 144 Hawaiʻi 412, 416, 443 P.3d 104, 108 (2019) (internal quotation marks omitted) (citing <u>Terry</u>, 392 U.S. at 19).

In contrast, an intoxication roadblock stop is "justified on the premise that systematic and non-discriminatory seizures <u>minimally</u> intrude upon an individual's privacy" and advance the public interest against drunk driving.  <u>State v. Heapy</u>, 113 Hawaiʻi 283, 300, 151 P.3d 764, 781 (2007).  <u>Davis v. Kansas Dep't of Revenue</u>, 843 P.2d 260 (Kan. 1992), provides a helpful explanation of this distinction:

> *Sitz* recognized a distinction between a *Terry* stop and a systematic roadside checkpoint stop.  Such a checkpoint stop was found to be constitutional <u>and falls outside the *Terry* analysis</u>.  *Sitz* rests on a branch of Fourth Amendment jurisprudence in which the Court employs a balancing test to evaluate the constitutionality of various police stop situations.

<u>Id.</u> at 262 (citations omitted, emphasis added).  <u>Sitz</u> jurisprudence is applicable here.  <u>See</u> <u>Michigan Dep't of State Police v. Sitz</u>, 496 U.S. 444 (1990) (upholding the constitutionality of a sobriety checkpoint program).

<u>Sitz</u> adopted a balancing test set forth in <u>United States v. Martinez-Fuerte</u>, 428 U.S. 543 (1976) and <u>Brown v. Texas</u>, 443 U.S. 47 (1979), to determine the constitutionality of an intoxication roadblock.  <u>Sitz</u>, 496 U.S. at 450.  The test involves a "weighing of the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty."  <u>Brown</u>, 443 U.S. at 50-51.

Here, except for the arguments based on the Document Check Rule, which we rejected above, Crowe does not assert that

---

[9]  <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

the intoxication roadblock was invalid. Therefore, under the circumstances of this case, and given our determination that the intoxication roadblock was valid, Officer Burkett's request for Crowe's license was constitutionally permissible. See Aguinaldo, 71 Haw. at 63, 782 P.2d at 1229 (holding that the "roadblock stop was constitutionally valid, therefore, the demand for production of her driver's license and proof of no-fault insurance was also constitutionally permissible.").

### III. Conclusion

For the reasons discussed above, the Judgment and Notice of Entry of Judgment filed in the District Court of the Second Circuit on November 13, 2019, is affirmed.

DATED: Honolulu, Hawaiʻi, May 27, 2022.

| On the briefs: | /s/ Lisa M. Ginoza<br>Chief Judge |
|---|---|
| Bradley J. Sova,<br>Office of the Public Defender,<br>for Defendant-Appellant | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Gerald K. Enriques,<br>Deputy Prosecuting Attorney,<br>for Plaintiff-Appellee | /s/ Sonja M.P. McCullen<br>Associate Judge |